FILED
SUPERIOR COURT
OF GUAM

2019 SEP -4  PM 12: 02

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SUMMER PALACE SUBDIVISION HOMEOWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS G. RODRIGUEZ, SR. AND ASUNCION S. RODRIGUEZ<br><br>Defendants. | CIVIL CASE NO. CV0880-18<br><br><br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Judge Arthur Barcinas on June 6, 2019, upon Plaintiff's Motion for an Order to Show Cause Why Defendants' Should Not Be Held in Contempt of Court for Violation of Order filed March 22, 2019. The Plaintiff Summer Palace Subdivision Homeowners Association ("Plaintiff" or "Summer Palace") is represented by Attorney Daniel J. Berman. Defendants Dennis G. Rodriguez, Sr. and Asuncion S. Rodriguez ("Defendants" or collectively, "Rodriguez") are represented by Attorney Carlos L. Taitano. Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

### BACKGROUND

On September 7, 2018, the Plaintiff filed its Complaint to Foreclose Lien. The Defendants filed their Answer on November 13, 2018. Thereafter, the Defendants filed a First Amended Answer on November 19, 2018, which included, *inter alia*, a request for certain damages.

On December 10, 2018, the Plaintiff filed a Motion for More Definite Statement pursuant to GRCP 12(e), requesting that the Court order the Defendants to "identify whether or not they are making a counterclaim, what are the grounds for the counterclaim, the relationship of relief requested to the grounds for counterclaim and the specific relief requested." Mot. at 3 (Dec. 10, 2019). The Defendants, on the other hand, explicitly represented to the Court, in pleadings and at oral argument, that the averments were expressly or specifically denominated or described as defenses or affirmative defenses. On February 22, 2019, based on the Defendants' representation to the Court, the Court ordered the parties to treat those averments only as defenses or affirmative defenses as so described in the Defendants' First Amended Answer. Order (Feb. 22, 2019). Further, the Court estopped the Defendant from treating those matters designated as defenses or affirmative offenses as counterclaims at any point during this litigation. Finally, to the extent the Defendants disagreed with the Court barring the use of their defenses or affirmative defenses as counterclaims, the Court ordered the Defendants to delineate and clarify which averments were proper counterclaims, and promptly file an amended Answer reflecting the correct characterization and the specific relief requested. Id. The Defendants did not file an amended answer delineating or clarifying their previous filing.

On March 7, 2019, the Defendants served the Plaintiff with their Initial Disclosures, which included a computation of damages. Subsequently, on March 22, 2019, the Plaintiff filed a Motion for Order to Show Cause why Rodriquez Should Not Be Held in Contempt of Court for Violation of Court Order Filed February 22, 2019. Plaintiff argues that the Defendants continue to assert counterclaims and requests for damages and thus, are in violation of the Court's previous order. The Defendants filed their Opposition on April 19, 2019, maintaining that they did not aver any counterclaims in their Initial Disclosures, but instead averred and continue to aver, affirmative defenses. Specifically, the Defendants argue they simply provided, in the Initial Disclosures, an explanation of, at least, recoupment damages to support the Defendants' defenses and affirmative defenses in order to diminish or nullify the Plaintiff's claim for damages. The Plaintiffs filed their Reply on May 1, 2019. On June 6, 2019, the Court

heard oral arguments on Plaintiff's Motion for Order to Show Cause. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

### I.     Motion for Contempt

To establish contempt, the Plaintiff must show by clear and convincing evidence that there is: 1) a valid order; 2) knowledge of the order; 3) an ability to comply with the order; and 4) a willful failure to comply with the order. Rodriguez v. Rodriguez, 2003 Guam 8 ¶ 15. Here, the Court issued a valid order prohibiting the Defendants from treating those matters designated as defenses or affirmative offenses in their First Amended Answer as counterclaims at any point during this litigation. See Order (Feb. 22, 2019). Further, to the extent the Defendants disagreed with such order, the Court ordered the Defendants to then delineate and clarify which averments were proper counterclaims, and promptly file an amended Answer reflecting the correct characterization and the specific relief requested. Id. The Defendants knew of this order and assert that they can and have complied, and thus, should not be held in contempt of Court. Having found that Defendants established the first three prongs above, the Court turns to the last factor, and Plaintiff's allegation, of whether the Defendants exhibited a willful failure to comply with the Court's order.

### II.     Defendants' affirmative defenses.

As a preliminary matter, an affirmative defense is a "defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true." *Affirmative Defense*, Black's Law Dictionary (11th ed. 2019). Generally, a responsive pleading must include all affirmative defenses. Guam R. Civ. P. 8(c). Failure to assert affirmative defenses in an answer results in waiver and precludes a party from asserting it at a later point in litigation. See Hemlani v. Hemlani, 2015 Guam 16 ¶ 23; see also Citizens Sec. Bank (Guam), Inc. v. Bidaure, 1997 Guam 3 ¶ 10 ("Courts have interpreted [GRCP Rule 8(c)] to mean that affirmative defense not included in the pleadings are waived."). Further, affirmative defenses need not be pleaded in specific terms so long as the plaintiff is put on notice of the defense at the outset of litigation. See M Elec. Corp. v. Phil-Gets (Guam) Int'l

Trading Corp., 2016 Guam 35 ¶ 95 (holding that the core purpose of GRCP Rule 8(c) is to safeguard against surprise and unfair prejudice).

On the other hand, a counterclaim is "[a] claim for relief asserted against an opposing party after an original claim has been made. *Counterclaim*, Black's Law Dictionary (11th ed. 2019). A counterclaim, whether compulsory or permissive, may or may not diminish or defeat the recovery sought by the opposing party. See Guam R. Civ. P. 13(c). Further "[i]t may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party." Id. Counterclaims differ from affirmative defenses in that counterclaims seek affirmative relief whereas affirmative defenses attempt to defeat a plaintiff's cause of action. Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc., 45 F. Supp. 3d 1311, 1320 (M.D. Fla. 2014).[1] Nonetheless, those pleadings for affirmative relief that fail to explicitly label such relief as a counterclaim do not lose the right to that claim. See Guam R. Civ. P. 8(c); see also Hawaiian Rock Prod. Corp. v. Ocean House, Inc., 2016 Guam 4 ¶ 40 (an argument that is pleaded as an affirmative defense but which is more appropriately evaluated as a separate counterclaim shall be treated as such).

Here, the Plaintiff argues that the Initial Disclosures provided by the Defendants continue to assert counterclaims and requests for damages in violation of the Court's Order issued February 22, 2019. Conversely, as aforementioned, the Defendants state that they have averred, and continue to aver, the affirmative defense of, at least, recoupment, with averments of damages in order to, at least, diminish or nullify the Plaintiff's claim for damages. Recoupment is the right of a defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff arising out of the same transaction that is the subject matter of the plaintiff's action. First Nat'l Bank of Louisville v. Master Auto Serv. Corp., 693 F.2d 308, 310 n.1 (4th Cir. 1982); see also Imbesi v. Carpenter Realty Corp., 357 Md. 375, 381 (2000) ("recoupment means a diminution or a complete counterbalancing of the adversary's claim based upon circumstances arising out of the same transaction on which

---

[1] The Guam Rules of Civil Procedure mirror the corresponding Federal Rules of Civil Procedure therefore, cases that interpret and apply the federal rules are instructive. Pelowski v. Taitano, 2000 Guam 34.

the adversary's claim is based."). Recoupment is an equitable doctrine and therefore, cannot be used to obtain affirmative relief. Overboe v. Brodshaug, 751 N.W.2d 177, 182 (N.D. 2008) (citing Minex Res., Inc. v. Morland, 467, 699 (N.D. 1991)). "[R]ecoupment differs from a counterclaim, which may arise out of a separate transaction and allows for affirmative relief and recovery in excess of that sought by the plaintiff, and from a setoff, which involves a transaction unrelated to the plaintiff's action." Id. In other words, recoupment is purely defensive and is not "a weapon of offense." Id.

In their Initial Disclosures, the Defendants state that they provided the Plaintiff with a preliminary computation in support of their affirmative defense of, at least, recoupment, as required by GRCP Rule 26(a)(1)(C), and maintain that they have never asserted, or intend to assert, any counterclaims in their First Amended Answer or Initial Disclosures[2]. See Pl.'s Counsel Decl. ¶ 3 Ex. A at 3 (citing Paragraph 8.ac of the First Amended Answer). As previously determined in the Court's February 22, 2019 Order, the Court continues to accept the Defendants' representations that the averments contained in the First Amended Answer are in fact affirmative defenses, and the parties ***shall continue*** to treat those averments only as defenses or affirmative defenses as so described. Furthermore, by designating, *inter alia*, the equitable doctrine of recoupment as an affirmative defense in their pleadings, the Defendants have sufficiently put Plaintiff on notice of the defense at the outset of this litigation. See M Elec. Corp., 2016 Guam 35 ¶ 95; see also N.H. Ins. Co. v. Marinemax of Ohio, Inc., 408 F.Supp.2d 526, 530 (N.D. Ohio 2006) (providing knowledge that the issue exists, not precisely how the issue is implicated under the facts of a given case, is the purpose of requiring averments of affirmative defenses). Nonetheless, as explained, *supra*, the Defendants averred, and continue to aver, those designated affirmative defenses in both the First Amended Answer and Initial Disclosures in an effort to, at least, diminish or nullify the Plaintiff's claim for damages. Thus, based on the Defendants' representations that the Initial Disclosures support those designated affirmative defenses contained in the First Amended Answer, the Court finds

---

[2] The Court also notes that the Defendants' Initial Disclosures is not a "pleading" required under GRCP Rule 7. See Guam R. Civ. P. 7(a).

that the Defendants ***did not*** willfully violate the Court's February 22, 2019 Order and therefore, are not in contempt of court. Accordingly, the Court **DENIES** Plaintiff's Order to Show Cause Why Defendants' Should Not Be Held in Contempt of Court for Violation of Order.

## CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** the Plaintiff's Order to Show Cause Why Defendants' Should Not Be Held in Contempt of Court for Violation of Order. Further, the Court and the parties ***shall continue*** to treat those averments only as defenses or affirmative defenses as so described in the Defendants' First Amended Answer. Further, the Court reminds the parties that the Defendant is estopped from treating those matters designated as defenses or affirmative defenses as counterclaims at any point in this case.

**IT IS SO ORDERED** ___SEP 0 4 2019___ .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

ERVICE VIA COURT BOX

dge that a copy of the
to was placed in the

Berman
74 TAND
9/4/89 /pr
J3

Deputy Clerk, Superior Court of Gu